# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ILYAS ABJUL-HADI, HH-3401, | ) | |
|---|---|---|
| | ) | Civil Action No. 2:11-1263 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| MANAGER DITTSWORTH; *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ilyas Abjul-Hadi, is a Pennsylvania inmate currently is housed at the State Correctional Institution at Houtzdale, Pennsylvania. He commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against individuals employed at SCI-Houtzdale in the Correctional Food Service department and the Healthcare department alleging a violation of his Eighth Amendment rights. Specifically, he complains that Defendants exhibited deliberate indifference in inadequate and unsafe training and forcing other inmate culinary workers to work in the culinary department with inadequate and unsafe training. He further alleges that Defendants use unsafe, substandard, and inadequate equipment. For the reasons set forth below, the Complaint fails to state a claim upon which relief may be granted and it would be futile to allow Plaintiff to file an amended complaint in this matter. Consequently, Defendants' Motion to Dismiss (ECF no. 17) will be granted. An appropriate order follows.

### A. Standard of Review

Presently pending is Defendant's Motion to Dismiss (ECF No. 17). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In

1

deciding this motion, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. *See also* Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (U.S. 2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

2

Moreover, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247–48 (3d Cir.1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378, (5th Cir.2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir.1996). Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint—regardless of whether the plaintiff makes such a request—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

### B. Plaintiff's Allegations

Plaintiff states that in April of 2008, he was assigned to work in the kitchen at SCI-Greene. Plaintiff claims that Defendants Dittsworth and DeCarlos were responsible for training him and that he, and others, did not receive adequate training. Plaintiff claims that from the time he started culinary work to September 11, 2010 he noticed the equipment used was substandard, unsafe, in disarray, and in need of repair. Plaintiff notified Defendants but they did not address the allegedly deficient training and unsafe equipment. For example, on September 11, 2010,

3

Plaintiff states that he witnessed a training shortcoming where a kitchen worker pushed a tub of hot water rather than pull it. Plaintiff states that the inmate pushing the tub spilled hot water on both of Plaintiff's feet causing third-degree burns. Plaintiff claims that his injuries were the direct and proximate cause of Defendants' deficient training practices.

In addition, Plaintiff claims that on September 11, 2010, the tubs of water were carried in equipment that had chipped wheels, defective wheels, and even missing wheels. He alleges that Defendants knew of the unsafe and/or substandard equipment which the direct and proximate cause of his injuries when the tub supposedly spilled hot water.

Finally, Plaintiff alleges that two unknown medical nurses were complicit in his injuries because they did not photograph his injuries. Plaintiff admits that he received treatment from these individuals, but claims they violated DOC policy by not photographing his injuries. Plaintiff seeks declaratory relief, compensatory damages, and punitive damages.

### C. Liability under 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff seeks to invoke liability under the Eighth Amendment, which protects individuals against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection, enforced against the states through the Fourteenth Amendment, guarantees

incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

Notwithstanding, not every injury raises constitutional concerns. A prison official violates the Eighth Amendment only when two requirements are met. The inmate must show that: 1) he suffered a risk of "serious" harm; and 2) prison officials showed "deliberate indifference" to such risk. *Id.*, 511 U.S. at 834. The first element is satisfied when the alleged "punishment" is "objectively sufficiently serious." *Id.* In determining whether a prisoner has alleged a risk that is objectively serious, a court must consider not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. Helling v. McKinney, 509 U.S. 25, 35 (1993).

The second criterion, deliberate indifference, requires an inmate to show that the prison official had a sufficiently culpable state of mind. The Supreme Court clarified this deliberate indifference standard in Farmer as follows.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. . . . But an official's failure to alleviate a significant

5

> risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Farmer, 511 U.S. at 837-838 (emphasis added). *See, also* County of Sacramento v. Lewis, 523 U.S. 833 (1998) (motorcyclist's death that resulted from high-speed police chase was not actionable under 42 U.S.C. § 1983); Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992) (failure to provide safe work environment did not state a section 1983 claim); DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) (the state had no constitutional duty to protect a child against beatings by his father even though the state was aware of the father's abuse and had at one time taken custody of the child); Davidson v. Cannon, 474 U.S. 344, 348 (1986) (clarifying that lack of due care by prison officials does not state a claim under either the substantive or the procedural aspects of the Due Process Clause); Betts v. New Castle Youth Development Center, 621 F.3d 249, 258 (3d Cir. 2010) ("Life is fraught with risk of serious harm . . . [b]ut an Eighth Amendment violation may not be predicated on exposure to any risk of serious harm; the risk must be "substantial."); Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994) (mere negligence does not satisfy the deliberate indifference standard; a plaintiff must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm) (internal quotation omitted).

Here, Plaintiff fails to allege facts sufficient to support either prong of the required inquiry to support a constitutional violation. With regard to the objective prong, allowing prisoners to push containers of hot water rather than pull them simply does not give rise to a substantial risk of serious harm or challenge common standards of decency. Nor do his assertions demonstrate deliberate indifference for purposes of asserting an Eighth Amendment violation. Rather, his allegations sound in negligence, which is not actionable under section 1983. *Accord* Bennett v.

6

Misner, 2004 WL 2091473 (D. Or. Sept. 17, 2004) (dismissing plaintiff's allegations that defendants violated the Eighth Amendment by failing to maintain a safe and sanitary kitchen environment); Batton v. State Government of North Carolina, Executive Branch, 501 F. Supp. 1173 (D.C.N.C. 1980) (finding no violation of Eighth Amendment based on unsafe working conditions in prison laundry and kitchen).

Plaintiff admits that he received adequate medical treatment for his burns. That is all that is required under the Eighth Amendment. His complaint that the healthcare workers failed to photograph his injuries as required by DOC regulations fails to state a constitutional claim. First, complaints of mere violations of state rules and procedures are not cognizable in a section 1983 suit. Gramenos v. Jewel Companies, Inc., 797 F.2d 432, 434 (7th Cir.1986) ( "In a suit under § 1983 the plaintiff must show a violation of the Constitution or laws of the United States, not just a violation of state law. The two are not the same."). Second, simply because the state mandates that certain procedures be complied with does not mean thereby that those procedures are of constitutional significance. Hence, the failure to comply with them does not deprive Plaintiff of any constitutionally guaranteed right.

Based on the discussion above, Defendant's Motion to Dismiss (ECF No. 17) will be granted. An appropriate order follows.

**AND NOW**, this 8th day of August, 2012:

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** with prejudice against the remaining Doe Defendants under 28 U.S.C. § 1915A and it would be futile to allow Plaintiff the opportunity to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Cynthia Reed Eddy
United States Magistrate Judge

Ilyas Abjul-Hadi
HH-3401
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000